UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAUL ROSAS

Plaintiff,

v.

LA ESTRELLITA SUPERMARKET CORP
and NERI PIMENTEL

Defendants

Case No.:

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff RAUL ROSAS by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff RAUL ROSAS, (hereafter "Plaintiff") against his former employers, Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"),.

2. During the term of Plaintiff's employment, Defendants had a practice of not paying Plaintiff for hours worked in excess of forty in a workweek at a rate of 1.5 times Plaintiff's regular rate of pay.

Consequently, Defendants were not fully compensating all hours, including those in excess of forty (40) hours in a workweek as required by the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Orlando Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Orange County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5. Plaintiff, RAUL ROSAS, a resident of Orange County, was a former employee of Defendants who worked at LA ESTRELLITA SUPERMARKET CORP.

6. Plaintiff, RAUL ROSAS, is an employee as defined by the laws under which this action is brought.

7. Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL are employers as defined by the laws under which this action is brought.

8. Defendant NERI PIMENTEL operates the supermarket/restaurant LA ESTRELLITA SUPERMARKET CORP located in Ocoee, Florida.

9. Defendant LA ESTRELLITA SUPERMARKET CORP is a corporation organized and existing under and by virtue of the laws of Florida.

10. Defendant NERI PIMENTEL is an individual resident of the State of Florida, who owned and/or operated LA ESTRELLITA SUPERMARKET CORP and who regularly: a) exercised control over the day-to-day operations of said entity; b) had personal and direct involvement in employment affairs; c) hired and fired employees, including Plaintiff; d) established employee work schedules; e) controlled terms of employment, including Plaintiff's terms; f) supervised Plaintiff; and/or g) had the authority to set employee wages.

## COVERAGE

11. Defendant LA ESTRELLITA SUPERMARKET CORP is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

12. Defendant LA ESTRELLITA SUPERMARKET CORP submitted debit/credit card payments to purchase meat, food, and grocery products, which cross state lines in the flow of commerce, often from outside the United States. Defendant sells such products in the stream of commerce and accepts payment from customers through credit cards and checks.

13. Upon information and belief, Defendant's annual gross volume of sales exceeded $500,000/year at all relevant times.

14. Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL are employers within the definition of the FLSA, 29 U.S.C. § 203.

15. During the term of his employment, Plaintiff RAUL ROSAS was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

16. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

17. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. § § 207 and 206.

## FACTUAL BACKGROUND

18. Plaintiff RAUL ROSAS was employed by Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL from February 2018 to September 2019.

19. Plaintiff held a butcher position at the time of separation.

20. Plaintiff's duties included cutting meat, completing orders, and serving food.

21. Plaintiff was an hourly employee.

22. Plaintiff's last hourly rate was $14.50 per hour.

23. Plaintiff was paid cash.

24. During his employment with Defendants, Plaintiff was non-exempt.

25. Plaintiff did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

26. During the period covered by the employment, Plaintiff worked in excess of forty (40) hours in a workweek and was not compensated at the statutory rate of one and one-half times his regular rate of pay.

27. Specifically, plaintiff worked an average of 68-72 hours a week and was not paid overtime compensation.

28. Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

29. Defendants' actions were willful and/or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

30. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records is at issue at this time.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

31. Plaintiff RAUL ROSAS re-alleges and incorporates the allegations contained in Paragraphs 1 through 30 above.

32. Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL failed to pay Plaintiff properly for all hours worked in excess

of forty (40) hours in a workweek in compliance with the FLSA.

33. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

34. As a result of Defendants' willful violation of the FLSA, Plaintiff RAUL ROSAS is entitled to damages, liquidated damages, pre-judgment interest, attorney's fees, and costs.

WHEREFORE, Plaintiff RAUL ROSAS respectfully requests judgment against Defendants LA ESTRELLITA SUPERMARKET CORP and NERI PIMENTEL, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorneys' fees and costs as provided by 29 U.S.C. § 216(b);

e. Such further relief as the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

35. Plaintiff requests a jury trial to the extent authorized by law.

Dated: November 7, 2019.

Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
1936 W MLK Blvd.
Suite 206
Tampa, Florida 33607
Telephone: 813.333.1322
Toll free: 888.WagesDue
Fax: 866.593.6771
WagesDue.com

s/ Cynthia Gonzalez
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff
cynthia@wagesdue.com